IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 3:04-CR-063-L |
| | § | |
| BRANDON DAVID SATTLER | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant, Sattler's, Motion for Release Pending Appeal and Brief in Support, filed August 23, 2005. Having considered the motion, response, the record and the applicable law, the court **denies** Defendant, Sattler's, Motion for Release Pending Appeal.

## I.      Factual and Procedural Background

On August 30, 2004, Defendant Brandon David Sattler ("Defendant" or "Sattler") pled guilty to Count 1 of a four-count indictment charging him with bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344 and 2. On November 29, 2004, the court sentenced Defendant to six (6) months imprisonment, to run consecutively to any sentence imposed by a California state court on an unrelated charge. On December 9, 2004, Defendant appealed his sentence to the Fifth Circuit Court of Appeals claiming that this court: (1) violated the *ex post facto* clause by applying the wrong Sentencing Guidelines Manual; (2) violated Defendant's Sixth Amendment rights by relying on facts not proved beyond a reasonable doubt; and (3) erred in ordering Defendant's federal sentence to run consecutively to any sentence imposed in the unrelated California action. The Government moved to dismiss Defendant's appeal on August 16, 2005, arguing, among other things, that all the issues raised by Defendant in his appeal were foreclosed by the terms of a plea agreement he signed, under which he waived his right to appeal his sentence except for: (a) a direct appeal of (i) a sentence

exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court; or (iii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel.  Govt. Resp. at 1-2.  Defendant has now filed a Motion for Release Pending Appeal and Brief in Support.  On September 21, 2005, the Government filed its Response to Defendant's Motion for Release Pending Appeal.[1]

## II.    Analysis

In his motion, Defendant asserts that he will be released from custody in the State of California on an unrelated charge on September 29, 2005.  He requests that, in light of his appeal of this court's November 29, 2004 sentence, this court should release him during the pendency of his appeal.  In support, Defendant contends: (i)  that he is not likely to flee or pose a danger to the safety of any other person or the community if released; (ii) that his appeal is not for purposes of delay; (iii) that his appeal raises a substantial question of law or fact; and (iv) that if the substantial question is determined favorably to him on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.  Def. Mot. at 2-3.  In response, the Government contends that the court should deny Defendant's motion for release since he has failed to satisfy the requirements of the Bail Reform Act of 1984, 18 U.S.C. § 3143, under which Defendant has the burden of establishing:

(1)    by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2)    that the appeal is not for purpose of delay; and

---

[1]The court notes with disfavor that in his moving papers Defendant neglected to inform the court that the Government has moved to dismiss his appeal based on the appellate waiver provisions in his plea agreement.  Indeed, in his motion Defendant did not even mention that his plea agreement contained appellate waiver provisions.

(3)     that the appeal raises a substantial question of law or fact that is likely to result in a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Gov't Resp. at 3.  Specifically, the Government argues that Defendant, if released, would pose a financial danger to the community and that his appeal fails to raise a substantial question of law which will impact his sentence in this case.  *Id.*

With regard to whether he poses a danger to the community, Defendant argues that he has ties to the community in Castaic, California, where he will reside once released from custody by the State of California on September 29, 2005.  He states that he has four (4) job offers and attends the College of the Canyons and regularly attended services at Temple Beth Ami since 1997 until the time he was incarcerated in the State of California.  He also argues that California authorities will be monitoring him as he serves thirty-six months (36) of state parole following his release on September 29, 2005.  He further states that he was not convicted of a violent crime.  In response, the Government contends that Defendant's criminal history shows that he would pose a financial danger to the community if released.  Specifically, the Government points out that this case presently on appeal involved Defendant's role in orchestrating a fraud on Bank One, NA, causing $100,000 to be transferred from a customer's account to Defendant's personal account in California, after which Defendant and his co-conspirators withdrew the money and used it for gambling in Las Vegas.  The Government also points out that, aside from this offense, the Pre-Sentence Report in this case illustrates Defendant's continued involvement in fraudulent activities, including a 2004 conviction for grand theft of property over $400.  Govt. Resp. at 3-4.

**Memorandum Opinion and Order – Page 3**

Having reviewed the evidence presented, the parties' arguments and the applicable law, the court determines that Defendant has failed to demonstrate by clear and convincing evidence that, if released during the pendency of the appeal, he will not pose a danger to the community.  That he plans to reside in California and has significant community ties and potential employment relates more to whether he presents a flight risk than to whether he will present a danger to the community. As to his argument that California authorities will be monitoring him during his thirty-six (36) month period of probation, Defendant has provided no evidence, other than his own argument, regarding the conditions of his probation.  Accordingly, Defendant's motion should be denied since he has failed to meet his burden of establishing by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community.

Alternatively, the court determines that Defendant's motion should be denied since he has failed to demonstrate that his appeal raises a substantial question of law which will impact the sentence in this case.  First, in light of the appellate waiver provisions in the plea agreement and the arguments raised in the Government's motion to dismiss the appeal (attached as Exh. A to the Government's Response), the court determines that it is likely that a part, or the entirety, of his appeal will be dismissed in accordance with the knowing and voluntary waiver of his appellate rights contained in the plea agreement.   Indeed, in his Response to the Government's Motion to Dismiss before the Fifth Circuit (attached as Exh. B to the Government's Response), Defendant "concedes that his argument that he did not waive error that the district court sentenced him above the 'statutory maximum' is foreclosed by this Court's precedent."  Def. Resp. at 4 (citing *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005) (per curiam), *petition for cert. filed* (U.S. Sept. 14, 2005) (No. 05-369)).  In *Cortez*, the Fifth Circuit held that "the [appellate waiver] exception for a sentence

**Memorandum Opinion and Order – Page 4**

imposed above the statutory maximum shall be afforded its natural and ordinary meaning of 'the upper limit of punishment that Congress has legislatively specified for violations of a statute.'" 413 F.3d at 503 (citation omitted).  As the Government correctly points out, Defendant's sentence did not exceed the statutory maximum of thirty (30) years imprisonment.  *See* 18 U.S.C. § 1344(2).  In any event, the court determines that none of the issues raised on appeal by Defendant (*see supra* at 1) raises a "substantial question of law" which will likely impact Defendant's sentence in this case.[2] Otherwise stated, Defendant has not demonstrated to the court's satisfaction that the issues on appeal, to the extent not waived, are likely to result in: (i) a reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1)(B).  Having reviewed the calculation of Defendant's sentence under the 2000 guidelines manual (which Defendant argues should have been applied) and Defendant's sentence under the 2001 guidelines manual (pursuant to which the court sentenced him), the court determines that the sentence calculation would be the same, namely a sentencing range of 6 to 12 months.[3]

Finally, as to Defendant's argument that the district court erred in failing to run the federal sentence concurrently with the state sentence, a sentencing court has discretion to impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."  USSG § 5G1.3(c).  It is

---

[2]The Fifth Circuit defines a "substantial question" as "a question that is either novel, which has not been decided by controlling precedent, or which is fairly doubtful."  *United States v. Valera-Elizondo*, 761 F.2d 1020, 1023 (5th Cir. 1985).

[3]This sentencing range takes into account the three-level downward departure based on the Government's Motion for Downward Departure Pursuant to USSG § 5K1.1 for Defendant's substantial assistance.

**Memorandum Opinion and Order – Page 5**

difficult to see how the court's decision to run the sentences consecutively in two completely unrelated cases involving different players, banks and victims could result in any reversal in this case.   Accordingly, Defendant's motion should also be denied since he has failed to demonstrate that his appeal raises a substantial question of law which will impact the sentence in this case.

**III.    Conclusion**

Based on the foregoing analysis, the court **denies** Defendant, Sattler's, Motion for Release Pending Appeal.

**It is so ordered** this 23rd day of September, 2005.

Sam A. Lindsay
United States District Judge